Kirsten A. Milton
Nevada State Bar No. 14401
Daniel I. Aquino
Nevada State Bar No. 12682
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Email:  kirsten.milton@jacksonlewis.com
          daniel.aquino@jacksonlewis.com

*Attorneys for Defendant*
*Wyndham Vacation Ownership, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GARIBAY, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| vs. | |
| WYNDHAM VACATION OWNERSHIP INC.; and DOES I through 50, inclusive, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| Defendants. | |

Pursuant to 28 U.S.C. § 1332(a), Defendant Wyndham Vacation Ownership, Inc. (incorrectly identified as "Wyndham Vacation Ownership Inc.") ("Defendant") hereby notifies the Court of the removal of *ROBERT GARIBAY, on behalf of himself and all others similarly situated, v. WYNDHAM VACATION OWNERSHIP INC.; and DOES I through 50, inclusive*, Case No. A-21-829354-C, which was filed in the Eighth Judicial District Court in Clark County, Nevada.  In support of said removal, Defendant states as follows:

1.       On February 11, 2021, an action was commenced in the Eighth Judicial District Court of Clark County, Nevada, entitled *ROBERT GARIBAY, on behalf of himself and all others similarly situated, v. WYNDHAM VACATION OWNERSHIP INC.; and DOES I through 50, inclusive.*  A copy of the Complaint is attached hereto as **Exhibit 1**.

2.      On February 25, 2021, Defendant was served with a copy of the Complaint and a Summons issued by the State Court on or about February 19, 2021.  A copy of the Summons is attached hereto as **Exhibit 2.**

3.      No further proceedings have been had in this matter in the State Court.

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of February 25, 2021, the first date on which Defendant received any pleadings setting forth the claims for relief upon which the civil action is based.

5.      This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

6.      Plaintiff is a citizen of the State of Nevada.  **Exhibit 1**, ¶ 4.

7.      For the purpose of determining diversity of citizenship, a corporation is a citizen both of its state of incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is defined as "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

8.      Wyndham Vacation Ownership, Inc. is incorporated in Delaware and its principal place of business is in Orlando, Florida.  **Exhibit 3**.

9.      As such, there is now and there was at the time of the commencement of this action, complete diversity between Plaintiff and Defendant.

10.     Plaintiff's Complaint alleges two (2) causes of action for failure to pay wages for rest periods in violation of Nevada law, and for waiting time penalties under Nevada law. Plaintiff is seeking damages in the form of payment of minimum wages, waiting time penalties, attorney's fees and costs (which are expressly permitted by Nev. Const. Art. 15, Sec. 16(A), and Nev. Rev. Stat. § 608.140), and punitive damages pursuant to N.R.S. 42.005 to punish Defendant. Plaintiff has filed his Complaint as a class action under Nevada law, seeking relief on behalf of himself and all others similarly situated.  Plaintiff alleges damages in excess of $15,000.  **Exhibit 1**, ¶ 1.  Further, Nev. Rev. Stat. § 608.140, the basis on which Plaintiff seeks attorney's fees,

Jackson Lewis P.C.
Las Vegas

2

provides that an award of attorney's fees is mandatory should Plaintiff prevail, which mandates inclusion of such fees in determining the amount in controversy.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")    Based on an analysis of the allegations in the Complaint, and the likely attorney's fees Plaintiff will incur to litigate this matter, Plaintiff's potential attorney's fees award is likely in excess of $75,000.00, independent of his general, special, and punitive damages.

11.    Therefore, this Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C § 1332(a) in that there is complete diversity between the parties and more than $75,000 in controversy exclusive of interest and costs.  Pursuant to 28 U.S.C § 1441, Defendant is therefore entitled to remove this action to this Court.

12.    A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court of the State of Nevada.

WHEREFORE, Defendant prays that the above-referenced action now pending in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark be removed therefrom to this Court.

Dated this 17th day of March, 2021.

JACKSON LEWIS P.C.


*/s/  Daniel I. Aquino*
Kirsten A. Milton, Bar #14401
Daniel I. Aquino, Bar #12682
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 17th day of March, 2021, I caused to be served via this Court's electronic filing system, a true and correct copy of the above foregoing **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** properly addressed to the following:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Joshua R. Hendrickson
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511

Christian Gabroy
Kaine Messer
GABROY LAW OFFICES
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012

*Attorneys for Plaintiff*

/s/ Kelley Chandler
Employee of Jackson Lewis P.C.

4837-2034-1472, v. 2