# EXHIBIT 1

# Complaint

# EXHIBIT 1

Electronically Filed
2/11/2021 7:06 PM
Steven D. Grierson
CLERK OF THE COURT

**COM**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Christian Gabroy, Nev. Bar No. 8805
christian@gabroy.com
Kaine Messer, Nev. Bar No. 14240
kmesser@gabroy.com
**GABROY LAW OFFICES**
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel. (702) 259-7777
Fax. (702) 259-7704
*Attorneys for Plaintiff and*
*the Putative Classes*

CASE NO: A-21-829354-C
Department 2

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ROBERT GARIBAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP INC.; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>Dept. No.:<br><br>**CLASS ACTION COMPLAINT (EXEMPT FROM ARBITRATION PURSUANT TO NAR 5)**<br><br>1) Failure to Pay Wages for Rest Periods; and<br>2) Failure to Timely Pay All Wages Due and Owing in Violation of Nevada law.<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
CLASS ACTION COMPLAINT

Case Number: A-21-829354-C

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1   COMES NOW Plaintiff ROBERT GARIBAY, on behalf of himself and all others

2   similarly situated and alleges the following:

3   All allegations in the Complaint are based upon information and belief except for those

4   allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in the

5   Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

6   opportunity for further investigation and discovery.

7   **JURISDICTION AND VENUE**

8   1.   This Court has original jurisdiction over the state law claims alleged herein

9   because the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages

10  has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and

11  Nevada Revised Statute ("NRS") sections 608.140, 608.018, and 608.020-.050. *See Neville v.*

12  *Eighth Judicial Dist., Terrible Herbst, Inc.*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499

13  (2017); *HG Staffing, LLC, et al. v. Second Judicial District Court*, Nevada Supreme Court Case

14  No. 79118 (May 7, 2020) ("In *Neville v. Eight Judicial District Court*, 133 Nev. 77, 406 P.3d 499

15  (2017), we held, by necessary implication, the exhaustion of administrative remedies is not

16  required before filing an unpaid-wage claim in district court."). Plaintiff has made a proper

17  demand for wages due pursuant to NRS 608.140.

18  2.   Plaintiff also claims a private cause of action to foreclose a lien against the

19  property owner for wages due pursuant to NRS 608.050.

20  3.   Venue is proper in this Court because one or more of the Defendants named herein

21  maintains a principal place of business or otherwise is found in this judicial district and many of

22  the acts complained of herein occurred in Clark County, Nevada.

23  **PARTIES**

24  4.   Plaintiff ROBERT GARIBAY (hereinafter "Plaintiff" or "GARIBAY") is a

25  natural person who is and was a resident of the State of Nevada and was employed by Defendant

26  Wyndham Vacation Ownership Inc., as a non-exempt hourly employee from on or about

27  November 28, 2019 to on or about September 21, 2020.

28

- 2 -
CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    5.    Defendant WYNDHAM VACATION OWNERSHIP INC. is a foreign

2    corporation that conducts business in the state of Nevada and is an employer under NRS 608.011.

3    Defendant's agent of service is located at 8275 South Eastern Avenue #200, Las Vegas, NV,

4    89123.

5    6.    The Defendant named herein is the employer of the Plaintiff and all Nevada Class

6    Members alleged herein. The identity of DOES 1-50 is unknown at the time and the Complaint

7    will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and

8    believes that each Defendant sued herein as DOE is responsible in some manner for the acts,

9    omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or

10   "Wyndham" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

11

12   7.    Defendant Wyndham Vacation Ownership Inc. operates as a club that provides

13   gaming,     lodging,     restaurant     and     leisure     services     worldwide.     *See*

14   https://www.bloomberg.com/profile/company/0634467D:US

15   8.    Plaintiff Garibay was employed by Defendant as a housekeeper/guest room

16   attendant (hereinafter referred to as "housekeeper").

### Wyndham's Housekeeping Piece Rate Compensation Plan/Policy

17

18   9.    Defendant required Plaintiff and all other similarly situated employees to record

19   their hours worked by clocking in/out of the timekeeping system by entering their employee

20   identification number.

21   10.    Although Defendant required Plaintiff and all other similarly situated employees

22   to record all their work hours, Defendant did not compensated Plaintiff and all other similarly

23   situated employees on an hourly basis when they performed housekeeping duties.

24   11.    Instead, Defendant paid Plaintiff and all other similarly situated employees on a

25   "piece rate" that was based on the number and type of rooms cleaned ("Housekeeping

26

27

28

CLASS ACTION COMPLAINT

1  Compensation Plan/Policy"). For instance, in July 2020, Plaintiff was compensated the following

2  rates for the following room types cleaned[1]:

| RATE | ROOM TYPE |
|------|-----------|
| **$13.80** | Studio |
| **$17.55** | One Bedroom |
| **$25.08** | Two Bedroom |
| **$32.59** | Three Bedroom |
| **$40.12** | Two Bedroom Penthouse |
| **$43.88** | Three Bedroom Penthouse |

12.    A "piece rate" is defined as a "wage rate based on a unit of production." NAC 608.075.   In other words, a piece rate is tied to the employee's output (here, for example, the number and size of the rooms cleaned) and wages are earned only when the employee is actively producing. Therefore, an employee who labors under a piece rate agreement is only compensated for his/her productive work time.

**Wyndham's Housekeeping Piece Rate Plan/Policy Does Not Compensate For Rest Periods**

13.    Under Nevada law, rest periods are to be counted as hours worked. *See* NRS 6080.019 ("[R]est periods shall be counted as hours worked, for which there shall be no deduction from wages.").

14.    Rest periods must be separately compensated in a piece-rate system. *See, e.g., Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 323, 37 Cal.Rptr.3d 460 (2005) ((holding that employers must pay employees for rest breaks separate and apart from the piece rate); *Lopez Demetrio v. Sakuma Bros. Farms, Inc.*, 355 P.3d 258, 261, 183 Wash.2d 649, 653 (2015) (same).

---

[1]     On occasion, Plaintiff would not have any rooms to clean but Defendant required him to perform non-housekeeping tasks. In theses instances, Plaintiff would be compensated an hourly rate. In July 2020, Plaintiff's hourly rate of pay for non-housekeeping tasks was $11.00 per hour.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

15.     Under the Nevada's wage laws, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly wage rate (or its equivalent).

16.     A piece-rate compensation formula that does not compensate separately for rest periods does not comply with Nevada's wage laws.

17.     Here, Wyndham's Houskeeping Compensation Plan/Policy only compensated Plaintiff and all other similarly situated employees for performing housekeeping activities—i.e., the productive work of a housekeeper.  Wyndham's Houskeeping Compensation Plan/Policy never separately compensated Plaintiff or any other similarly situated employee for the non-productive time of taking a legally mandated rest break.  Accordingly, Wyndham's Houskeeping Compensation Plan/Policy violates Nevada's wage laws.

**Plaintiff and all putative Class Members Are Owed Minimum and/or Regular Rate Wages**

**as a Result Wyndham's Failure to Pay for Rest Periods**

18.     Nevada law requires that employers pay employees for rest periods according to the following schedule:

> Unless an employee is exempt pursuant to NRS 608.019, an employee that works at least 3 1/2 continuous hours is permitted:
>
> (a)     One 10-minute rest period if the employee works at least 3 1/2 continuous hours and less than 7 continuous hours;
> (b)     Two 10-minute rest periods if the employee works at least 7 continuous hours and less than 11 continuous hours;
> (c)     Three 10-minute rest periods if the employee works at least 11 continuous hours and less than 15 continuous hours; or
> (d)     Four 10-minute rest periods if the employee works at least 15 continuous hours and less than 19 continuous hours.

NAC 608.145.

19.     Plaintiff regularly worked a schedule from 10:00 a.m. to 6:00 p.m., five (5) to six (6) days a calendar week.[2]  Accordingly, Plaintiff worked approximately 8 hours per work shift.

---

[2]     Defendant required that Plaintiff and all other similarly situated employees record all their hours that worked; accordingly, Defendant is in possession of the exact number of daily hours worked by Plaintiff and all members of the putative Class.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

20.     Based on NAC 608.145, Plaintiff was supposed to receive two (2) 10-minute paid rest periods pursuant to his regular schedule.

21.     As set forth above concerning Wyndham's Housekeeping Piece Rate Plan/Policy, Plaintiff never received paid rest breaks. Accordingly, Plaintiff is entitled to recover 20-minutes of additional compensation, at his regular rate of pay or the minimum wage rate, for every shift that he worked.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

23.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as both a collective action under the FLSA and a class action under Rule 23 of the Federal Rules of Civil Procedure.

24.     The **Nevada Class** is defined as "All piece rate paid housekeepers (or similar job title) employed by Defendant in the state of Nevada at any time within 3 years from the date of filing this action until judgment."

25.     The **Waiting Time Penalty Class** is defined as "All Nevada Class and Nevada Daily Overtime Class Members who are former employees."

26.     Class treatment is appropriate under Rule 23's class certification mechanism because:

A.      The Classes are Sufficiently Numerous: Upon information and belief, Defendant employs, and has employed, in excess of 100 Nevada and Waiting Time Penalty Class Members within the applicable time period. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of these Classes as well as their numerosity.

B.      Plaintiff's Claims are Typical to Those of Fellow Class Members: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff: (1) Whether Defendant's piece rate compensation plan/policy deprived Plaintiff and all other similarly situated employees compensation for their legally mandated rest breaks; (2)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Whether Plaintiff and members of the Waiting Time Penalty Class are entitled to waiting time penalties for the failure to pay them minimum and/or regular rest period wages owed.

C.      Common Questions of Law and Fact Exist: Common questions of law and and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: Whether Defendant's piece rate compensation plan/policy complied with Nevada law with respect to paying wages for rest periods; and Whether Defendant failed to pay Plaintiff and the Waiting Time Penalty Class Members all their wages due and owing in violation of NRS 608.020-050.

D.      Plaintiff is an Adequate Representative of the Class: Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of all the Classes, he has issues of law and fact in common with all members of the Classes, and his interests are not antagonistic to Class members.  Plaintiff and his counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E.      Predominance/Superior Mechanism: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law.  The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum and/or Regular Rate Wages for Rest Periods in Violation of**

**Nevada law**

**(On Behalf of Plaintiff and the Class Against Defendant)**

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 7 -
CLASS ACTION COMPLAINT

27.     Plaintiffs re-allege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

28.     NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Plaintiff has made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

29.     NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means any time the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

30.     Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

31.     NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 8 -
CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

(a) Beginning July 1, 2019:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b) Beginning July 1, 2020:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c) Beginning July 1, 2021:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d) Beginning July 1, 2022:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e) Beginning July 1, 2023:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

(f) Beginning July 1, 2024:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada constitution, $11.00 per hour worked.

CLASS ACTION COMPLAINT

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

32.    NRS 608.019(2), emphasis added, provides as follows:

Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. **Authorized rest periods shall be counted as hours worked**, for which there shall be no deduction from wages.

33.    At all relevant times, NRS 608.019(2) was applicable to Plaintiff and all other similarly situated employees' employment by Defendant.

34.    Under Nevada law, employers that use a piece-rate compensation system must compensate employees separately for their rest periods. NRS 608.019(2). A piece-rate compensation system that does not separately compensate employees for rest periods does not comply with Nevada's wage laws. NRS 608.016; NAC 608.115.

35.    Wherefore, Plaintiff demands for himself and for the Nevada Class Members payment by Defendant at the minimum and/or regular effective hourly rate of pay for rest break hours that were supposed to have been paid during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

### Waiting Time Penalties Pursuant to Nevada Law

### (On Behalf of Plaintiff and the Waiting Time Penalty Class Against Defendant)

36.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

37.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 10 -
CLASS ACTION COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

38.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

39.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

40.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

41.     By failing to pay Plaintiff and the Waiting Time Penalty Class Members their minimum and/or regular rest period wages in violation of state law, Defendant has failed to timely remit all wages due and owing to Plaintiff and the Waiting Time Penalty Class Members.

42.     Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff and Waiting Time Penalty Class Members all the wages that were due and owing upon the termination of their employment.

43.     Wherefore, Plaintiff and the Waiting Time Penalty Class Members demand thirty (30) days of pay as waiting penalties under NRS 608.040 and 608.140, and thirty (30) days of pay as waiting penalties under NRS 608.050 and 608.140, together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, by himself and on behalf of all Class Members, pray for relief as follows relating to his collective and class action allegations:

1.    For an order certifying this action as a class action on behalf the proposed Classes and providing notice to all Class Members so they may participate in this lawsuit;

2.    For an order appointing Plaintiff as the Representative of the Classes and his counsel as Class Counsel;

3.    For damages according to proof for minimum and/or regular rate wages pursuant to the Nevada Constitution, NRS 608.250 *et. seq*, and NRS 608.016, as a result of failing to pay for rest periods pursuant to NRS 608.019;

4.    For waiting time penalties pursuant to NRS 608.040-.050 and 608.140;

5.    For a lien on the property where Plaintiff and all Class Members labored pursuant to NRS 608.050;

6.    For interest as provided by law at the maximum legal rate;

7.    For punitive damages;

8.    For reasonable attorneys' fees authorized by statute;

9.    For costs of suit incurred herein;

10.    For pre-judgment and post-judgment interest, as provided by law; and

11.    For such other and further relief as the Court may deem just and proper.

DATED: February 11, 2021          Respectfully Submitted,

**THIERMAN BUCK LLP**

*/s/Joshua D. Buck*
Joshua D. Buck
Mark R. Thierman
Leah L. Jones
Joshua R. Hendrickson

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

- 12 -
CLASS ACTION COMPLAINT