KIRSTEN A. MILTON, ESQ.
Nevada Bar No. 14401
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: kirsten.milton@jacksonlewis.com
E-Mail: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Wyndham Vacation Ownership, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GARIBAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP INC.; and DOES I through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00439-JAD-NJK<br><br>**STIPULATION AND ORDER TO AMEND ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF Nos. 22, 23]** |

Defendant Wyndham Vacation Ownership, Inc. (incorrectly identified as "Wyndham Vacation Ownership Inc.") by and through its counsel, Jackson Lewis P.C., and Plaintiff Robert Garibay ("Plaintiff") by and through his counsel, Thierman Buck LLP and Gabroy Law Offices, hereby stipulate and agree as follows:

1. On November 16, 2021, the Parties submitted a Joint Motion for Preliminary Approval of Class Action Settlement. ECF No. 16.

2. On December 14, 2021, the Court held a hearing on the Parties' Joint Motion. ECF No. 21.

3. On December 15, 2021, the Court entered an Order Granting Preliminary Approval of Class Action Settlement. ECF No. 22.

4. Following entry of the Court's Order, Defendant's counsel learned that Defendant is currently unable to access employee timekeeping data due to a recent ransomware attack affecting

Ultimate Kronos Group ("Kronos"), the third-party vendor which maintains Defendant's employee timekeeping and attendance data. Defendant has received information from Kronos indicating that Defendant's access to the data is not expected to be restored for approximately four to six weeks.

5. As a result, Defendant cannot obtain the total number of qualifying hours worked for each class member. This information is necessary for the Class Administrator to prepare and mail the Notice of Class Action Settlement and compute each class member's award.

6. In light of the foregoing, the Parties have agreed to amend the schedule set forth in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant (ECF No. 16-1) and the Order of Preliminary Approval (ECF No. 22) as set forth below. The "TBD" dates in (F) and (H) below are to be set in accordance with the Court's availability and preference. The remaining "TBD" dates in (G) and (I)-(L) are calculated based on the date set forth in (H).

| | Task | Existing Date | New Date |
|---|---|---|---|
| A. | Deadline for Defendant to Submit Class Member Information to Claims Administrator | 12/24/2021 | 1/31/2022 |
| B. | Deadline for Claims Administrator to Mail the Notice and the Claim Form to Class Members | 12/28/2021 | 2/07/2022 |
| C. | Deadline for Class Members to Postmark Claim Forms (30 days from (B), Settlement Stipulation, ¶ 16(c)) | 1/28/2022 | 3/09/2022 |
| D. | Deadline for Class Members to Postmark Requests for Exclusions (30 days from (B), Settlement Stipulation, ¶¶ 16(c), 19) | 1/28/2022 | 3/09/2022 |
| E. | Deadline for Receipt by Court and Counsel of any Objections to Settlement (30 days from (B), Settlement Stipulation, ¶ 16(c)) | 1/28/2022 | 3/09/2022 |
| F. | Deadline for Class Counsel to file Motion for Final Approval of Settlement, Attorneys' Fees, Costs, and Enhancement Award (30 days prior to (H) based on Court's statements during Preliminary Approval hearing) | 2/16/2022 | 4/5/2022 |
| G. | Deadline for Class Counsel to File Declaration from Claims Administrator of Due Diligence and Proof of Mailing (7 days before (H), Settlement Stipulation, ¶ 16(e)) | 2/16/2022 | 4/28/2022 |

| | Task | Existing Date | New Date |
|---|---|---|---|
| H. | Final Fairness Hearing and Final Approval | 3/18/2022 at 10:00 a.m. | 5/5/2022 at 10:00 a.m. |
| I. | Deadline for Defendant to Fund Settlement Account maintained by Claims Administrator (30 days after "Effective Date[1]," Settlement Stipulation, ¶ 12(j)) | 2/28/2022 | TBD |
| J. | Deadline for Claims Administrator to wire transfer the Attorneys' Fees and Costs to Class Counsel (if Settlement is Effective) (5 days after (i); Settlement Stipulation, ¶ 15) | TBA | TBD |
| K. | Deadline for Claims Administrator to mail the Settlement Awards to Class Members and the Enhancement Awards to Class Representatives (if Settlement is Effective) (10 days after (i); Settlement Stipulation, ¶¶ 13, 18) | TBA | TBD |
| L. | Claims Administrator to File Proof of Payment of Settlement Awards, Enhancement Award, Attorneys' Fees and Costs (if Settlement is Effective) | TBA | TBD |

---

[1] Pursuant to Paragraph 12(b) of the Joint Stipulation of Settlement (ECF No. 16-1), "Effective Date" means:

The Settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred ("Effective Date"): (i) this Stipulation of Settlement has been executed by all Parties, Class Counsel and Defendant's counsel; (ii) the Court has given preliminary approval to the Settlement; (iii) the Notice has been sent to the Settlement Class, providing them with an opportunity to submit a Claim Form to participate in the Settlement, to opt out of the Settlement, or to object to the Settlement; (iv) the Court has held a formal fairness hearing and entered the Court's Final Order and Judgment Dismissing this Action; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn, the later of the following events: (A) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (B) when any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (C) when any appeal, writ or other appellate proceeding has upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's Final Order and Judgment is completely final, and there is no further recourse by any appellant or objector who seeks to contest the Settlement. It is further agreed by the Parties that this Settlement shall not become effective if Defendant or the other Released Parties, contrary to Paragraph 12(c) below, are required to pay any person or entity any amounts beyond the Maximum Settlement Amount. The occurrence of the Effective Date is a prerequisite to any obligation of Defendant to pay any funds into the Settlement Account.

| Task | Existing Date | New Date |
|---|---|---|
| (90 days after Effective Date, Settlement Stipulation, ¶ 18) | | |

7. This Stipulation is made in good faith and not for the purpose of delay. No prior request for any extension of time has been made.

Dated this 30th day of December, 2021.

| JACKSON LEWIS P.C. | THIERMAN BUCK LLP |
|---|---|
| */s/ Joshua A. Sliker* <br> Kirsten A. Milton, Bar #14401 <br> Joshua A. Sliker, Bar #12493 <br> 300 S. Fourth Street, Suite 900 <br> Las Vegas, Nevada 89101 <br><br> *Attorneys for Defendant* | */s/ Joshua D. Buck* <br> Mark R. Thierman, Bar #8285 <br> Joshua D. Buck, Bar #12187 <br> Leah L. Jones, Bar #13161 <br> Joshua R. Hendrickson, Bar #12225 <br> 7287 Lakeside Drive <br> Reno, Nevada 89511 <br><br> Christian Gabroy, Bar #8805 <br> Kaine Messer, Bar #14240 <br> GABROY LAW OFFICES <br> 170 South Green Valley Parkway, Suite 280 <br> Henderson, Nevada 89012 <br><br> *Attorneys for Plaintiff* |

Good cause appearing, **IT IS SO ORDERED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 5, 2022