Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

Christian Gabroy, Nev. Bar No. 8805
christian@gabroy.com
Kaine Messer, Nev. Bar No. 14240
kmesser@gabroy.com
**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
Tel. (702) 259-7777
Fax. (702) 259-7704

*Attorneys for Plaintiffs*

Kirsten A. Milton, Nev. Bar No. 14401
kirsten.milton@jacksonlewis.com
Joshua A. Sliker, Nev. Bar No. 12493
joshua.sliker@jacksonlewis.com
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel. (702) 921-2460
Fax. (702) 921-2461

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GARIBAY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP INC.; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 2:21-cv-00439-JAD-NJK<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>ECF No. 27 |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The above-referenced putative class action having come before the Court on June 17, 2022, for a hearing and this Final Order Approving Class Action Settlement and Judgment, consistent with the Court's Preliminary Approval Order, filed and entered on December 14, 2021, and as set forth in the Joint Stipulation of Settlement and Release between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement"), and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement unless an alternate meaning is specifically given within this Order.

2. Consistent with the definitions provided in the Stipulation of Settlement, the term "Class Member" means those individuals that are within the Settlement Class which includes all piece rate paid housekeepers (or similar job title) employed by Wyndham Vacation Ownership, Inc. in the state of Nevada at any time during the Class Period. The term "Class Member" does not include any person who previously settled or released any of the claims covered by this Settlement, or any person who previously settled or released any of the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement, or any person who submitted a timely and valid Request for Exclusion as provided in the Stipulation of Settlement. For purposes of the Settlement and the Court's Final Order and Judgment, the term "Class Period" means February 11, 2018, through December 14, 2021. The term "Released Claims" collectively means those claims to be released by the Settlement Class identified in Paragraph 21 of the Stipulation of Settlement. The term "Class Representative" means Plaintiff Robert Garibay. The term "Class Counsel" means "Mark R. Thierman, Esq., Joshua D. Buck, Esq., Leah L. Jones, Esq., and Joshua R. Hendrickson,

Esq. of Thierman Buck LLP of Reno, Nevada and Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices of Henderson, Nevada."

3. This Court has jurisdiction over the subject matter of this action and over all Parties to this action, including all Class Members.

4. Distribution of the Notice and the Claim Form directed to the Class Members as set forth in the Stipulation of Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Stipulation of Settlement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

5. The Court hereby finds that the Settlement was entered into in good faith. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement.

6. The Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement was reached as a result of intensive, serious and non-collusive, arm's-length negotiations. The Court further finds the parties have conducted extensive and costly investigation and research, and counsel for the parties are able to reasonably evaluate their respective positions. The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only. There were no

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

objections to the Settlement filed prior to, or raised by, any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

7. As of the date of the Court's Final Order and Judgment, each and every Class Member is deemed to have conclusively released the Released Claims as against the Released Parties. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims.

8. Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Stipulation of Settlement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation of Settlement, and any negotiations or proceedings related thereto, may not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and may not be offered into evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Stipulation of Settlement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this action, or submit in any other proceeding, the Court's Final Order and Judgment, the Stipulation of Settlement, and any other papers and records on file in the action as evidence of the Settlement to support a defense of *res judicata, collateral estoppel,* release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

9. The Court hereby enters judgment as of the date of entry of the Court's Final Order and Judgment in accordance with the terms set forth in the Stipulation of Settlement.

1 Without affecting the finality of the Court's Final Order and Judgment in any way, the Court
2 hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of
3 the Settlement, and all orders entered in connection therewith.

4     10.    The Court hereby finds the settlement payments provided for under the
5 Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore,
6 orders the calculations and the payments to be made and administered in accordance with the
7 terms of the Settlement.

8     11.    The Court hereby names Mark R. Thierman, Esq., Joshua D. Buck, Esq., Leah L.
9 Jones, Esq., and Joshua R. Hendrickson, Esq. of Thierman Buck, LLP and Christian Gabroy,
10 Esq. and Kaine Messer, Esq. of Gabroy Law Offices as Class Counsel.

11     12.    Under the terms of the Settlement and the authorities, evidence and argument
12 submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the
13 amount of $125,000.00, and the attorney costs in the amount of $6,5000, to be deducted and paid
14 from the Maximum Settlement Amount, as final payment for and complete satisfaction of any
15 and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person
16 or entity related to this action. The Court further orders that the award of attorneys' fees and
17 costs set forth in this paragraph shall be administered according to the terms of the Stipulation of
18 Settlement and transferred or made payable to Class Counsel.

19     13.    The Court also hereby approves and orders an Incentive Award to Class
20 Representative Plaintiff Robert Garibay in the amount of $10,000.00 to be paid from the
21 Maximum Settlement Amount as set forth in the Stipulation of Settlement.

22     14.    The Court also hereby approves and orders payment from the Class Settlement
23 Amount for actual claims-administration expenses incurred by the Claims Administrator,
24 Simpluris, to be paid from the Maximum Settlement Amount as set forth in the Stipulation of
25 Settlement.

26     15.    The Court also hereby finds and orders that the Stipulation of Settlement is and
27 constitutes a fair, reasonable and adequate compromise of the Released Claims against the
28 Released Parties.

16. Provided the Settlement becomes effective under the terms of the Stipulation of Settlement, the Court also hereby orders the deadline for mailing the Court-approved Settlement Awards, attorneys' fees and costs, and Incentive Award is as set forth in the Implementation Schedule within the Preliminary Approval Order.

**The Clerk of Court is directed to CLOSE THIS CASE.**

Dated: June 17, 2022

_____
UNITED STATES DISTRICT JUDGE